UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RONNIE-LOUIS-MARVEL: KAHAPEA                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 2:19-mc-185-KS-MTP

HAWAII STATE FEDERAL
CREDIT UNION; BANK OF                                           DEFENDANTS
AMERICA; and DAVE SMITH
MOTORS

## **ORDER OF DISMISSAL**

This matter is before the Court to follow up on the prior Order to Show Cause entered on December 5, 2019 [3]. As stated in the Order, the Court's concern was whether there is subject matter jurisdiction in this case, wherein Plaintiff has sought confirmation of an arbitration award under 9 U.S.C. §9.

On November 20, 2019, Plaintiff, Ronnie-Louis-Marvel: Kahapea, proceeding *pro se*, filed a Special Action for Confirmation of Arbitration Award/Application for Confirmation and Enforcement of Arbitration Award [1]. In this action, Plaintiff seeks to confirm an arbitration award against Hawaii State Federal Credit Union, Dave Smith Motors, and Bank of America. He contends there is jurisdiction under 28 U.S.C. § 1332 based on the diversity of the parties. [1] at p. 2. However, Mr. Kahapea states in his pleading that he is a resident of Volcano, Hawaii and that "Adverse Party Hawaii State Federal Credit Union has offices and resides in Honolulu, Hawaii 96808."

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. Appx. 369, 374 (5th Cir. 2007)

(citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)).  The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, does not grant federal jurisdiction. *See Vaden v. Discover Bank,* 556 U.S. 49 (2009); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983). Thus, there must be some other grounds, such as diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331, in order for this Court to entertain a petition under the FAA to confirm an arbitration award. *See, generally, Magruder v. Fidelity Brokerage Svcs. LLC*, 818 F.3d 285 (7th Cir. 2016); *see also Wisc. Comm'r of Ins. v. Cal. Reinsurance Mgt. Corp.*, 819 F. Supp. 797, 800 (E.D. Wisc. 1993) (citing numerous federal court decisions that have held that the jurisdictional requirements contained in 9 U.S.C. § 4 apply to proceedings brought under 9 U.S.C. § 9).

In his initial Motion for confirmation, Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity in that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Because the pleading indicates that Plaintiff and Defendant, Hawaii State Federal Credit Union, are both citizens of the state of Hawaii, the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991). Plaintiff responded to the show cause Order by filing an Affidavit in Notice and Response Upon Order to Show Cause [11] on December 26, 2019, wherein Plaintiff does

not address, let alone establish this Court's subject matter jurisdiction. As for the diversity of citizenship, Plaintiff's response fails to even speak to Hawaii State Federal Credit Union's citizenship. Plaintiff states only that Hawaii State Federal Credit Union is "party to the Payor-in-Fact of the accumulated Damages . . . ." This is wholly insufficient to establish subject matter jurisdiction.

Therefore, because the Court finds there is not complete diversity of the parties, there is no jurisdiction under 28 U.S.C. § 1332. Plaintiff has failed to adequately show cause why this case should not be dismissed for lack of subject matter jurisdiction. Accordingly, it is hereby ORDERED that this case is dismissed for lack of subject matter jurisdiction.

SO ORDERED AND ADJUDGED this 7th day of January 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE